# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DAWN MARIE HEIDZIG, <br><br> Defendant. | No. CR05-4063-LRR <br><br> **FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter is before the court pursuant to its May 1, 2008 order. In such order, the court, among other things, discussed Amendment 706, as amended by Amendment 711, to USSG §2D1.1 and stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. After adjusting the defendant's amended guideline range by the same percentage pursuant to USSG §5K1.1, . . . the maximum reduction results in a new term of 31 months imprisonment on count 1.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

Neither party filed objections to the court's May 1, 2008 order. Instead, on May 12, 2008, the defendant notified the court that she did not object to the preliminary order

and that, after accounting for all credits to her sentence, she is subject to immediate release from her half-way house in Sioux Falls, South Dakota. The defendant also informed the court that the government stated that it did not object to the preliminary order or to her assertion that she is subject to immediate release. The defendant represented that the government agreed that immediate release is warranted. Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 34 month term of imprisonment, as reflected in the judgment dated May 17, 2006, is reduced to time served.[1] *See* USSG §1B1.10(b)(2)(C) (prohibiting a term of imprisonment that is less than the term of imprisonment that the defendant has already served); *see also id.*, comment. (n.3) (stating that the term of imprisonment may not be reduced below time served). The defendant's new term of time served applies to count 1 of the superseding indictment. Except as provided above, all provisions of the judgment dated May 17, 2006 remain in effect. As previously stated in the May 1, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

    The Clerk of Court is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Bureau of Prisons is directed to release the defendant, USM No. 03082-029, within 10 days of May

---

[1] For purposes of the May 1, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 25 | Amended Offense Level: | 24 |
|---|---|---|---|
| Criminal History Category: | I | Criminal History Category: | I |
| Previous Guideline Range: | 57 to 71 months | Amended Guideline Range: | 51 to 63 months |

The court previously imposed a term of imprisonment below the guideline range applicable to the defendant at the time of sentencing as a result of a departure under USSG §5K1.1 and 18 U.S.C. § 3553(e). Consequently, the reduced sentence of time served on count 1 of the superseding indictment is comparably less than the amended guideline range.

2

12, 2008.[2]  The Clerk of Court is also directed to send a copy of this order to the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 12th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] To allow for Bureau of Prison processing and administration of the amended sentence, the court believes that a delay of up to 10 days in the effective date of the new sentence is appropriate.